IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **DEBORAH WEBER** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) <br>**ELECTRO SAVINGS CREDIT UNION** )<br>**and SOMMARS AND ASSOCIATES, L.L.C.** )<br>)<br>)<br>Defendants. )<br>) | Case No. 4:15-CV-01688 |

**JURY TRIAL DEMANDED**

### FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff, and for her First Amended Complaint states as follows:

### INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; for abuse of process and for negligent retention.

2. Plaintiff demands a trial by jury on all issues so triable.

### JURISDICTION

3. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d).

1

4.      Plaintiff's other claims are subject to this Court's supplemental jurisdiction because this state law claim is part of the same case or controversy as her FDCPA claims pursuant to 28 U.S.C. § 1367(a).

## PARTIES

5.      Plaintiff is a natural person currently residing in St. Louis County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA and MMPA.  The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

6.      Specifically, Plaintiff believes the alleged debt arises out a retail installment agreement for the purchase of an automobile.

7.      Defendant Sommars and Associates, L.L.C. ("Sommars") is a law firm and collection agency registered in Missouri.  The principal business purpose of Defendant is the collection of debts in Missouri regularly attempts to collect debts alleged to be due another.

8.      Sommars is engaged in the collection of debts from consumers using the mail, telephone and the courts.  Sommars is a "debt collector" as defined by the FDCPA.  15 U.S.C. § 1692a(6).

9.      Defendant Electro Savings Credit Union ("Electro") is a credit union operating in the state of Missouri.

10.     At all times relevant, Sommars was acting in the scope of her employment as an agent for Electro.

11.     Electro is responsible for the acts of Sommars under the doctrine of *respondeat superior*.

## FACTS

*Electro files suit against Plaintiff*

12. On March 10, 2008, Electro filed suit against Plaintiff in the Circuit Court for Saint Louis County, Associate Division, styled "Electro Savings Credit Union v. Scott Kenneth Weber and Deborah D. Weber" case number 08SL-AC09379 (the "Saint Louis County lawsuit").

13. The Saint Louis County lawsuit was filed to recover a deficiency balance on the automobile loan.

14. On June 3, 2008, Scott Weber signed a Consent Judgment agreeing to repay the deficiency. The Consent Judgment was not signed by Plaintiff.

15. Plaintiff has never signed any judgment or any settlement agreement to pay the amount at issue in the Saint Louis County lawsuit.

16. No default judgment was ever entered against Plaintiff in the Saint Louis County lawsuit.

17. On or about January 15, 2015, Defendants instituted garnishment proceedings against Plaintiff in an attempt to collect $17,375.34.

18. Defendant Electro did not confirm or verify that Plaintiff was a party to the Consent Judgment in the St. Louis County lawsuit before instituting garnishment proceedings.

**COUNT I: VIOLATION OF THE FDCPA-DEFENDANT SOMMARS**

19. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

20. In their attempts to collect the alleged debt from Plaintiff, Defendant Sommars has committed violations of the FDCPA, 15 U.S.C. § 1692 et seq., including, but not limited to, the following:

a. Engaging in false, deceptive, harassing, and unfair conduct in the collection of a debt.  15 U.S.C. § 1692d-f.

b. Defendant Sommars collecting amounts via garnishment not authorized by law.  15 U.S.C. § 1692f(1).

## COUNT II: ABUSE OF PROCESS-ALL DEFENDANTS

21. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

22. Defendants made an illegal, improper, and perverted use of process when they instituted garnishment proceedings against Plaintiff.

23. Defendants used the garnishment proceedings to force Plaintiff into paying a debt where no judgment was entered against her.

24. Defendants' actions were wanton, malicious, and taken in deliberate disregard of Plaintiff's rights.

25. Defendants knew or should have known that they did not have a judgment against Plaintiff.

26. Defendant's abuse of process has caused Plaintiff damage, including but not limited to Plaintiff's embarrassment, stress, anxiety and humiliation in connection with the Lawsuit.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for:

**4**

    A.    Actual damages in an amount to be determined by the finder of fact;

    B.    Punitive damages in the largest amount available by law; and

    C.    For such other relief as the Court may deem just and proper.

## COUNT III: VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT- DEFENDANT SOMMARS ONLY

27.    Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

28.    In connection with the collection of the amount allegedly due to Electro, Defendants violated the Missouri Merchandising Practices Act in one or more of the following aspects:

    c.    Engaging in conduct the natural consequence of which was to harass, oppress or abuse Plaintiff.

    d.    Using false, deceptive, or misleading representation or means in connection with the debt collection.

    e.    Collection of an amount not authorized by law or by the agreement.

    f.    Instituting garnishment proceedings without a judgment against Plaintiff.

29.    Pursuant to RSMo. 407.025, this Court may award Plaintiff her actual damages, punitive damages, equitable relief, attorney fees, and costs of this action.

## COUNT IV: NEGLIGENT HIRING AND RETENTION

30.    Defendant Electro failed to properly supervise Defendant Sommars.

31.    As a result of Defendant Electro's failure, Plaintiff was subsequently damaged by being unlawfully garnished in the St. Louis County lawsuit.

32. It is foreseeable that Plaintiff would be damaged if Defendant Sommars was not properly supervised by Defendant Electro.

33. Defendant Electro's failure to supervise Defendant Sommars was the proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff prays this Court enter judgment against Defendant, award Plaintiff her actual damages, punitive damages in amounts that are fair and reasonable, her attorney fees and costs of this action.

**THE EASON LAW FIRM, LLC**

/s/ James W. Eason

**JAMES W. EASON, #57112
124 Gay Avenue, Suite 200
St. Louis, Missouri 63105
Phone: (314) 932-1066
Fax:     (314) 667-3161
Email: james.w.eason@gmail.com**

## CERTIFICATION

The below signature certifies that on March 29, 2016 the above Rule 26 Disclosures were made to the following counsel of record via electronic mail:

**Robert M. Susman: rsusman@grlawstl.com**

**Tom Martin: tmmartin@lewisricekc.com**

   /s/James W. Eason

Case: 4:15-cv-01688-RLW   Doc. #:  25   Filed: 03/29/16   Page: 7 of 7 PageID #: 93